WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Brock Everett Elson,

    Petitioner,

v.

Charles L Ryan, et al.,

    Respondents.

No. CV-15-01672-PHX-DJH

**ORDER**

    Pending before the Court is Petitioner Brock Everett Elson's ("Elson") Petition for Writ of Habeas Corpus (Doc. 1) and Supplemental Memorandum (Doc. 15) (collectively, "Petition"). Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R") (Doc. 24), recommends that Elson's Petition be dismissed with prejudice and a certificate of appealability be denied. Petitioner timely filed Objections to the R&R (Doc. 25). Respondents did not file a response. The Court now finds that Elson's Petition is untimely and dismisses it with prejudice.

**I. LEGAL STANDARDS**

    This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc ) (emphasis in original). Indeed, district courts are not required to

conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). In his R&R, Judge Metcalf found that Elson's Petition was barred by the applicable statute of limitations and recommended dismissal on procedural grounds. (Doc. 24). Elson objects to those findings. Accordingly, the Court will review *de novo* whether Elson's Petition was timely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

**II. DISCUSSION**

AEPDA "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing 28 U.S.C. § 2244(d)(1)). Relevant here is the requirement that a federal habeas petition be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a).

**A. Finality**

Elson first objects to the magistrate's determination that his conviction became final for AEDPA purposes on November 27, 2013. Elson contends that "[d]espite the 9th Circuit's determination in cases such as *Hemmerle v. Schriro*, 495 F.3d 1069 (2007) (sic), Petitioner maintains the date upon which the Arizona Appellate court issues its Order and Mandate should establish the concrete date of finality for all purposes as that is the date upon which the Arizona Courts themselves issue an Order clearly establishing that a case is finished." (Doc. 25 at 3). Citing no authority to support this position, Elson asserts that the date on which his conviction became final under the AEDPA was the date on which the Arizona Court of Appeals issued its mandate, or April 10, 2014, not the date upon which Elson's right to seek review from the Arizona Supreme Court elapsed, which was November 27, 2013. (*Id.*)

The law, as Elson seems to concede, does not support his position. The United States Supreme Court has held that "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' [under § 2244(d)(1)(A)] on the date

that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2010). *See also Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (holding that the conclusion of the proceeding on direct review under § 22444(d)(1)(A) occurred on the date the petitioner's ability to seek review in the Arizona Supreme Court elapsed and not when the mandate issued).

Here, the Arizona Court of Appeals affirmed Elson's convictions and sentence in a memorandum decision issued on October 22, 2013. (Doc. 15-27). Elson did not seek further review by the Arizona Supreme Court. Thus, combining the thirty (30) day time-period allowed to appeal under Ariz. R. Crim. Proc. 31.19(a), with an additional five days Arizona provides "when the order appealed has been mailed," *State v. Zuniga*, 786 P.2d 956, 957 (Ariz. 1990), Elson's right to seek review expired on November 26, 2013. The Magistrate Judge thus correctly used November 26, 2013 as the date of finality for purposes of determining the timeliness of Elson's habeas petition. (Doc. 24 at 5). In doing so, he ultimately, and properly, determined that Elson's petition, filed on August 24, 2015, was filed over three months beyond the one-year limitations period and thus was untimely.[1]

### B. Equitable Tolling and Actual Innocence Claim

Elson next objects to the Magistrate Judge's finding that no grounds were proffered or found to support equitable tolling of the statute of limitations. To qualify for equitable tolling, Elson must demonstrate that he has been pursuing his rights diligently and some extraordinary circumstances prevented him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Magistrate Judge correctly found that Elson has not established, and nothing in the record indicates, that Elson qualifies for equitable tolling of the statute of limitations. At no point does Elson point to any external impediment that hindered a diligent pursuit of

---

[1] In making this finding, Judge Metcalf found that the statute of limitations was statutorily tolled during the time period between July 10, 2014, when Elson filed his Notice of Post-Conviction Review ("PCR"), and December 15, 2015, the date on which the PCR proceeding was dismissed. (Doc. 24 at 7). Exempting these days from the one-year limitations period gave Elson until May 5, 2015, to file his habeas petition. (*Id.*) Elson did not file his Petition until August 24, 2015. (Doc. 1). Elson makes no objection to these findings and thus the Court thus adopts them here.

his rights such that certain periods of time should not count against him. Equitable tolling is thus unavailable to him.

Elson nonetheless contends his "assertion of actual innocence is made for purposes of a defense to the statute of limitations (equitable tolling) and any exhaustion arguments, and also as a free standing issue to be considered on its merits." (Doc. 25 at 3). This argument improperly conflates principles of equitable tolling with the equitable exception of actual innocence. By invoking his actual innocence claim, Elson really asks this Court to apply a miscarriage of justice exception to excuse the untimeliness of his Petition. *See McQuiggen v. Perkins*, 569 U.S. 383, 392 (2013) (noting petitioner claiming actual innocence was not seeking an extension of statutory time period under equitable tolling principles but "an equitable *exception* to § 2244(d)(1)").[2]

In *McQuiggen*, the Court adopted the actual innocence gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995), for excusing the bar to federal habeas corpus review of procedurally defaulted claims. *Id*. at 386. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or. . . expiration of the statute of limitations." *Id*. Elson, however, cannot access this "gateway" because the record does not reveal that "in light of the *new* evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (emphasis added) (quoting *Schlup*, 513 U.S. at 329).

Elson does not argue that any new evidence that was not before the trial court credibly shows his innocence. Instead, he argues that no reasonable juror could have found him guilty in light of the scant evidence offered against him at his trial. (*See* Doc. 25 at 4 ("This is a situation where the identification issues and the scant other evidence, especially when considered in light of the due process violations as argued in this action, do not suffice to establish guilt.")). Elson's claims of insufficient evidence do not meet the demanding standard required to establish a "tenable actual-innocence gateway" claim.

---

[2] Actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme Court has not yet addressed whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. *McQuiggen*, 569 U.S. at 392.

*McQuiggin*, 569 U.S. at 386, 401 ("[T]he *Schlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting *Schlup*, 513 U.S. at 316)). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with *new* reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added). Elson contends that "[t]here is a legitimate question of whether the jury only found him guilty regarding the aggravated assault charge, because they wanted to find guilt on *something* in a situation where they had a victim who had certainly been shot and only Mr. Elson at trial to blame for it regardless of the lack of evidence to support the finding of his specific guilt." (Doc. 23 at 5). But this speculation is not the type of new evidence that credibly supports a claim of actual innocence. Although Elson argues that he is actually innocent, he has not presented any evidence "show[ing] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 316. The Court certainly cannot conclude that there is "evidence of innocence so strong that [it] cannot have confidence in the outcome of the trial." *Id.*

In the absence of any new reliable evidence to support his innocence, Elson's claim of innocence cannot be considered sufficiently credible and cannot excuse the untimeliness of his Petition. Indeed, Elson cannot produce "sufficient proof of his actual innocence" to place him within the "extremely rare" class of tenable actual innocence claims. *Lee v. Lampaert*, 653 F.3d 929, 931 (9th Cir. 2011) (*en banc*).

### III. CONCLUSION

Elson's Petition was filed over three months beyond the one-year statute of limitations. He has not established that an extension is warranted under principles of equitable tolling or that he should be excused from the limitations period due to a credible claim of actual innocence. As a result, Elson's Petition is plainly barred by AEPDA's one-

year statute of limitations and must be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 24) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that Elson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability is **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 26th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge